# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES BOND,

      Plaintiff,

      v.                                                          Case No. 11-CV-543

AIDS RESOURCE CENTER OF WISCONSIN,
MICHAEL GIFFORD, MORCINE SCOTT-WARREN,
DAWN PERKINS, MARI RODRIQUEZ,
CHRISTINA CORBIAN, and QUIANA ROBINSON,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 23)

Charles Bond, pro se plaintiff, alleges that defendant AIDS Resource Center of Wisconsin (ARC) illegally recorded his telephone conversations with ARC employees without his knowledge or consent and that the recordings were played in a public forum without his consent, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 18 U.S.C. § 2511, and 18 U.S.C. § 2518. Bond also contends that defendant ARC engaged in defamation of character, slander, and libel while obtaining a restraining order against him, in violation of Wisconsin state law. He further charges that defendants' actions in recording and sharing his telephone conversations with third persons constituted an invasion of privacy under Wisconsin state law.

Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the motion will be granted.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations,

2

the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

ANALYSIS

A. Claim Under 18 U.S.C. § 2511

Bond contends that defendants recorded telephone conversations illegally without his consent and disclosed the conversations, in violation of 18 U.S.C. § 2511. Defendants dispute that they intercepted or disclosed conversations unlawfully because they were parties to the conversations at issue and therefore exempt under the statute.

Section 2511 of Title 18 of the United States Code prohibits the interception and disclosure of wire, oral, or electronic communications. The statute contains the following exception:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d).

According to the complaint, defendants were parties to, and intercepted, several telephone conversations. Specifically, Bond alleges:

> The Aids Resource Center of Wisconsin and its employees and agents knowingly and willingly illegally recorded the plaintiff, Charles Bond, telephone conversations between the plaintiff, Charles Bond and the Defendant, Aids Resource Center of Wisconsin and its employees and agents without the knowledge or consent of the plaintiff, Charles Bond in the months of December 2009 and January 2010.

(Compl. ¶ 1.) Bond also alleges that, "[t]he plaintiff's conversation between he and the Defendants, Aids Resource Center of Wisconsin and its employees and agents is private and cannot be shared in or with the public in any public forum without the plaintiff's permission or consent, which clearly the plaintiff, Charles Bond, did not give." (Compl. ¶ 2.) In addition, Bond contends that defendants were not acting under color of law. *Id.*

Based on the foregoing, defendants are correct in claiming that the intercepted communication falls under an exception set forth in 18 U.S.C. § 2511(2)(d). Hence, the disclosure provision of the statute does not apply. *See* 18 U.S.C. § 2511(1)(c).

B. Claim Under 18 U.S.C. § 2518

Bond further asserts that defendants did not follow the proper procedure for recording his conversations with them, in violation of 18 U.S.C. § 2518. He charges that defendants did not apply for a warrant or obtain judicial authorization to record the conversations. The procedural requirements of 18 U.S.C. § 2518 have been found not to apply to consensual interceptions authorized under 18 U.S.C. § 2511. *See United States v. Craig*, 573 F.2d 455, 479-80 (7th Cir. 1977); *see also United States v. Foundas*, 610 F.2d 298, 299-300 n.1 (5th Cir. 1980) (citing *United States v. Mendoza*, 574 F.2d 1373, 1376-77 (5th Cir. 1978) (judicial authorizations under 18 U.S.C. § 2518 are not necessary because tape was made with consent of one of the parties to the conversations, namely the undercover agent who was doing the taping, and 18 U.S.C. § 2511(2)(c) provides that such consent renders lawful the interception of a wire or oral communication).

Here, the allegations in the complaint clearly demonstrate that if defendants were parties to conversations with Bond that they recorded, their actions were not subject to the

4

requirements of § 2518. Consequently, Bond does not state a claim for violating the statue.

C. Constitutional Claims

Next, Bond charges that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by recording his conversations and playing them in court. In seeking dismissal, defendants contend that Bond fails to set forth any facts from which it could be inferred that they acted under color of law.

Congress enacted 42 U.S.C. § 1983 to provide a remedy to parties deprived of constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled on other grounds by*, *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 663 (1978)). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Bond alleges that defendants were not acting under color of state law. Specifically, he asserts, "[n]or was the Defendants acting 'under the color of law' and that defendant Gifford "was not acting 'under the color of law.'" (Compl. ¶ 2.) Plaintiff further alleges:

> The Defendant, Aids Resource Center of Wisconsin's Chief Operating Officer Michael Gifford stated under oath in a court of law in June 2010 that he alone and acting as a[n] employee an[d] agent of the Defendant, Aids Resource Center of Wisconsin, that he made the decision to record the plaintiff, Charles Bond, and that he gave the order for all employees of the Defendant, Aids Resource Center of Wisconsin to do so. And that no law

5

enforcement official told him to do so and he was not acting 'under the color of law.'

*Id.*

In this case, the court cannot infer that defendants were acting under color of state law. Likewise, there is no plausible inference that any defendant joined state actors to violate Bond's rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992). Accordingly, Bond's constitutional claims may not proceed..

D. State Law Claims

Lastly, Bond advances slander, libel, defamation, and invasion of privacy claims under Wisconsin state law.[1] However, in the absence of any surviving federal claims, there is no compelling reason for this court to exercise supplemental jurisdiction over Bond's state law claim.[2] *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S.Ct. 1862, 1866 (2009). Therefore,

IT IS ORDERED that defendants' motion to dismiss (Doc. 23) is GRANTED.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge

---

[1] Slander (oral) or libel (written) may be the basis for a defamation claim. *Teff v. Unity Health Plans Ins. Corp.*, 666 N.W.2d 38, 52 n.6 (Wis. Ct. App. 2003).

[2] Defendants filed an affidavit in support of their argument for dismissal of plaintiff's state law claims. In litigation involving a pro se party where matters outside the pleadings are presented to the court in conjunction with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the procedure set forth in Civil L. R. 56(a)(1) applies. Civil L. R. 12 (E.D. Wis.). Defendants did not follow that procedure. However, because the court declines to exercise supplemental jurisdiction over the state law claims, this oversight is harmless.

6